UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

ALETTA VAN BALDEREN,
DAGOBERTO TURCIOS,
SHIRLEY BOWRIN,
ROSARIO MIRANDA,
NATALIE ARIAS,
LUZ ROJAS,
and all others similarly situated,

    Plaintiffs,

    vs.

FOUR SEASONS MIAMI EMPLOYMENT INC.,
a Florida corporation,

    Defendant.
_____/

**COMPLAINT**

Plaintiffs, Aletta Van Balderen, Dagoberto Turcios, Shirley Brown, Rosario Miranda, Natali Arias, and Luz Rojas (collectively "Named Plaintiffs"), on behalf of themselves and all others similarly situated hereby sues Four Seasons Miami Employment Inc. ("Defendant," "Company," or "Four Seasons") and allege as follows:

**Introduction**

The Four Seasons has always feared unionization. Its primary strategy to prevent unionization has been to pretend as though the organization provides employees what a union would otherwise deliver. For example, the

Four Seasons has historically created the illusion of job protection. It has also boasted about its policy of no-fault separation severance (the "Severance Policy") for its workers.

Then the COVID-19 pandemic arrived, and the Four Seasons was exposed for what it has been all along—a company out for its own interests. The Plaintiffs in this action are all longtime employees of the Four Seasons. Many have been employed by the Four Seasons for decades. The Plaintiffs considered the Four Seasons to be a second home. And for good reason. The Four Seasons claimed to have a "family-like" work environment.

When it came time for the Four Seasons to reciprocate and care for its workers the way they cared for the Four Seasons, the organization created a scheme to deprive thousands of employees of their hard-earned benefits. Specifically, the Four Seasons has kept a multitude of workers on a perpetual furlough—despite having no intention of recalling the workers, many of whom have had their positions permanently eliminated—in order to force its employees to resign from the organization. Such "resignations" are then categorized as a "voluntary separation" by the employee—thereby stripping the employees from the money they are entitled to under the Severance Policy (the "Severance Siphoning Scheme").

The Severance Siphoning Scheme, however, did not account for two major issues. First, the Four Seasons overlooked a provision of the WARN Act indicating that a furlough lasting more than six (6) months is considered an employment loss as a matter of law. The Plaintiffs have now been on furlough

for approximately fourteen (14) months—more than double the 6-month threshold set by the WARN Act. These employees have long been entitled to the 60-day employment loss notice required by the WARN Act. The Four Season's failure to provide this statutory notice entitles thousands of furloughed workers to 60 days of payment. This lawsuit is being brought on behalf of such workers.

Secondly, the Four Seasons has always hid behind its arbitration policy. It is how the Four Seasons keeps its questionable employment practices as private as possible. It is what allows the Four Seasons to publicly pretend to be a champion of employee rights while simultaneously marginalizing its workers in its chamber of secrecy, arbitration. To make matters worse, the Four Seasons has traditionally robbed workers of the power and reassurance that comes with collective grievances. Instead, the Four Seasons actively seeks to force employees to fend for themselves, without the support of their similarly situated co-workers. The Four Seasons, however, finally outsmarted itself.

The arbitration policy the Four Seasons uses to prevent class claims excludes certain causes of action (the purpose is to allow the Four Seasons to benefit from a different forum when it believes it is beneficial to the organization). The arbitration policy only requires the following types of claims to be arbitrated: a) employment discrimination, b) harassment, 3) wage and hour violations, and d) termination (the "Arbitrable Issues"). The Plaintiffs' WARN Act claims do not fall within the category of Arbitrable Issues. The Four

Seasons' must now face the collective consequences of its illegal (and hypocritical) actions.

## Parties, Jurisdiction and Venue

1. All Named Plaintiffs were employed by the Four Seasons in Miami-Dade County during the relevant period.

2. All Named Plaintiffs performed services for the Four Seasons at 1435 Brickell Avenue, Miami, FL (the "Miami Location").

3. The Four Seasons conducts business in Miami-Dade County and throughout the United States.

4. There are approximately forty-four (44) Four Seasons properties in the United States.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2102, 2104(a)(5).

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 29 U.S.C. § 2104(a)(5). Defendant transacts business in this District, Defendant employs the Named Plaintiffs in this District, and the claims arose within this District.

## WARN Act's Applicability

7. The Four Seasons employs hundreds of full-time employees and is an "employer" as defined under 29 U.S.C. § 2101(a).

8. In March 2020, the Four Seasons "temporarily" laid off/furloughed (collectively, "involuntarily sidelined") hundreds of employees at the Miami Location alone.

9. Many of these employees, including the Named Plaintiffs, have not received any income from the Four Seasons ever since.

10. The Named Plaintiffs and well over fifty (50) Four Seasons employees at the Miami Location have been involuntarily sidelined for approximately fourteen (14) months.

11. During these 14 months, the Four Seasons has eliminated several of the Named Plaintiffs' positions and otherwise restructured duties so that the Named Plaintiffs would never be recalled to work.

12. The Department of Labor has explained that "[a] temporarily layoff or furlough that lasts longer than 6 months is considered an employment loss" under the WARN Act.[1]

13. The Named Plaintiffs, hundreds of other employees at the Miami Location, and thousands of Four Seasons employees throughout the country[2], have suffered an employment loss under the WARN Act.

14. The Four Seasons never provided the Named Plaintiffs and many other similarly-situated Miami employees (the "Harmed Employees") with the sixty (60) day notice required under the WARN Act.

15. The Four Seasons has long known that the Harmed Employees would be involuntarily sidelined for more than 6 months.

---

[1] *See* https://www.dol.gov › WARN FAQ for COVID19; *see also* 29 C.F.R. § 639.3(f)(1).

[2] The Named Plaintiffs reserve the right to certify a nationwide class covering all employees similarly harmed. Various news outlets have already covered similar issues raised by Four Seasons employees in Boston, Santa Barbara, and other locations. A nationwide class is become increasingly proper.

16. In fact, the Four Seasons has long known that the Harmed Employees will never be recalled to work.

17. The Four Seasons, however, has failed to provide any notice whatsoever (including any reasonable notice under the circumstances) because of the Severance Siphoning Scheme.

18. Many of the Named Plaintiffs have attempted to obtain information from the Four Seasons regarding their status and recall possibilities. The Four Seasons, however, has continued to keep its workers in the dark in hopes that the growing frustration would lead them to resign and fall into the trap created by the Severance Siphoning Scheme.

19. Many of the Named Plaintiffs have internally complained about the lack of information and notice from the Four Seasons.

20. The Four Seasons has done nothing to remedy the issue.

21. The undersigned has further addressed these issues with counsel for the Four Seasons.

22. It is evident that continuing to seek an internal resolution by the Four Seasons is an exercise in futility.

23. Furthermore, the Four Seasons' failure to provide adequate notice cannot be retroactively cured. The harm has already been suffered. The bell cannot be un-rung.

A. **Putative Class Defined**

24. The Harmed Employees are those that have been involuntarily and indefinitely sidelined by the Four Seasons at the Miami Location for more than 6 months and never received the appropriate notices required by the WARN Act.

25. The Harmed Employees are entitled to 60 days of payment from the Four Seasons as a result of the Company's WARN Act violations.

**WARN Act Miami Location Class:**

All Four Seasons employees at the 1435 Brickell Avenue, Miami, FL location who were laid off or furloughed in 2020, were not recalled by the Four Seasons within 6 months, and never received 60 days' written notice from the Four Seasons regarding the lay off or furlough.

B. **Class Allegations**

26. The Named Plaintiffs and the putative class members constitute a class, or classes, within the meaning of Federal Rules of Civil Procedure 23(a) and (b)(3).

27. Each of the putative class members is similarly situated to the Named Plaintiffs with respect to his or her rights under the WARN Act.

28. Common questions of law and fact are applicable to the Named Plaintiffs and the putative class members.

29. The common questions of law and fact arise from and concern the following facts, among others:

    A.    that all Class members enjoyed the protection of the WARN Act;

    B.    that all Class members were employees of the Defendant;

   C. that the Defendant involuntarily sidelined all of the Class members;

   D. that the Defendants involuntarily sidelined all of the Class members without the notice required by the WARN Act;

   E. that the Defendants failed to pay the Class members wages during the time they have been involuntarily sidelined; and

   F. the issues raised by any affirmative defenses that may be asserted by Defendant.

30. The Named Plaintiffs' claims are typical of the claims of the other members of the Class in that for each of the several acts of Defendant described above, the Named Plaintiffs and the other Class members are injured parties with respect to their rights under the WARN Act.

31. The Named Plaintiffs will fairly and adequately protect and represent the interests of the Class.

32. The Named Plaintiffs have the time and their counsel the resources to prosecute this action.

33. The Named Plaintiffs retained the undersigned counsel who have extensive employment law experience.

34. The Class identified herein is so numerous as to render joinder of all members impracticable in that there are hundreds of putative class members.

35. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

37. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties, and is most efficient means of resolving the WARN Act rights of all the Class members.

38. Upon information and belief, the names of all the Class members are contained in the Defendant's books and records.

39. Upon information and belief, the rate of pay and the benefits that were being paid or provided by Defendant to each Class members at the time of his or her furlough/layoff are contained in Defendant's books and records.

## COUNT I
## WARN ACT VIOLATION

40. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 through 43 above as if fully set forth herein.

41. At all relevant times, Four Seasons employed 100 or more employees, exclusive of part-time employees (those employees who had worked fewer than 6 of the past 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given), and employed 100 or more employees who worked in the aggregate at least 4,000 hours per week, exclusive of hours of overtime within the United States.

42. The Four Seasons' decision to involuntarily sideline hundreds of employees at each of its locations amounted to a mass layoff under the WARN Act. *See* 29 C.F.R. § 639.3(c)(1).

43. The Harmed Employees suffered an "employment loss" under the WARN Act because they were involuntarily sidelined for more than 6 months at a site where at least 50 employees also suffered an employment loss at the same time. *See* 29 C.F.R. § 639.3(f)(1).

44. The Harmed Employees were involuntarily sidelined for no reason attributable to them.

45. During the 14-month period that the Harmed Employees have been involuntarily sidelined, the Four Seasons knew that they would be out of work for more than 6 months.

46. In fact, the Four Seasons has restructured its operations and eliminated the positions of many of the Harmed Employees.

47. Yet, the Four Seasons failed to provide the notices required by the WARN Act. The Four Seasons did not provide 60-days' advance written notice of the employment loss or otherwise provide as much notice as reasonably practicable under the circumstances.

48. The Four Seasons failed to pay the Harmed Employees in an amount equal to the sum of or any part of the sum of:

    A. Their respective wages, salary, commission, bonuses, and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective furloughs/layoffs and fringe benefits for the 60 calendar days prior to their respective furloughs/layoffs; and

    B. Their medical expenses incurred during the 60 calendar days from and after the date of their respective furloughs/layoffs that would have been covered under the Defendant's benefits plans had those plans remained in effect.

**WHEREFORE**, the Named Plaintiffs demand judgment as follows:

A.    In favor of the Named Plaintiffs and each other Class member against Defendant equal to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for 60 days; (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for 60 days; and (c) medical expenses incurred during the 60 day period following their respective terminations that would have been covered and paid under the Defendants' health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A);

B.    Appointment of the Named Plaintiffs as Class Representatives;

C.    Appointment of the undersigned as Class Counsel;

D.    In favor of the Named Plaintiffs for reasonable attorney's fees and the costs and disbursements of prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6);

E.    Interest allowed by law; and

F.    All other relief as this Court deems just and proper.

## JURY TRIAL

Plaintiffs hereby request a trial by jury with respect to all claims so triable.

Respectfully submitted,

***/s/ J. Freddy Perera***
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Bayardo E. Alemán, Esq.
Florida Bar No. 28791
bayardo@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com
Alexandra C. Hayes, Esq.
Florida Bar No. 109482
alex@pba-law.com
**PERERA BARNHART ALEMAN**
12401 Orange Drive, Suite 123
Davie, Florida 33330
Phone: 786.485.5232
*Attorneys for Plaintiff*